UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS CHARLES,<br><br>                    Plaintiff,<br><br>         -against-<br><br>DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>                    Defendants. | 1:20-CV-10128 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND PRISONER AUTHORIZATION, AND ORIGINAL SIGNATURE |

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Luis Charles, currently held in the Vernon C. Bain Center, brings this action *pro se*. He was listed as a plaintiff in the amended complaint filed in *Lee v. New York City Dep't of Corr.*, ECF 1:20-CV-8407, 14 (GBD) (SDA) (S.D.N.Y.), but he did not pay the relevant fees to bring a federal civil action or submit a completed *in forma pauperis* ("IFP") application and a prisoner authorization; he also did not sign the amended complaint. By order dated December 1, 2020, Magistrate Judge Aaron severed into individual actions the claims of 13 prisoners who were listed as plaintiffs in the amended complaint in *Lee*, but were not included in the original complaint. ECF 1:20-CV-8407, 19. Accordingly, Plaintiff's claims are now pending under this docket number (20-CV-10128 (CM)).

**A.     Fees**

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* § 1915(b)(1). A prisoner seeking to proceed in this

Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* § 1915(a)(2), (b).

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete, sign, and submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-10128 (CM).[2]

**B.      Original Signature**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Within thirty days of the date of this order, Plaintiff must complete, sign, and submit the attached declaration form, which will cure Plaintiff's failure to sign his complaint.

---

[1] The $50.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the relevant fees at the time of filing any new federal civil action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 8, 2020
         New York, New York

                                             _____
                                                  COLLEEN McMAHON
                                             Chief United States District Judge